James Cai, SBN 200189
Paul D. Hunt, SBN 111649
SCHEIN & CAI LLP
100 Century Center Court, Suite 315
San Jose, California 95112
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff
HANSSON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSSON, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRAN BROWER, EBAY INC., and DOES 1-50, inclusive <br><br> Defendants. | Case No.: C07 05898 CW <br><br> **PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT BROWER FOR IMPROPER VENUE** |

## I.

## INTRODUCTION AND STATEMENT OF FACTS

The Complaint in this matter was filed on November 21, 2007, against FRAN BROWER and EBAY, INC. The Complaint set fourth causes of action for:

(1) Trademark Infringement;

(2) False Designation of Origin;

(3) False Advertising;

(4) Trademark Dilution;

(5) Unfair Competition; and

(6) Contributory Trademark Infringement.

*HANSSON, INC. v. BROWER et al.*
Plaintiff's Opposition to Motion to Dismiss Complaint . . . – Page 1

Plaintiff, HANSSON, INC., dismissed Defendant EBAY, INC., on or about January 3, 2008, leaving Defendant BROWER as the sole remaining named Defendant.

On or about May 13, 2008, HANSSON and BROWER agreed to the terms of a Settlement Agreement, and BROWER signed the Settlement Agreement on or about May 13, 2008.

Nevertheless, on May 15, 2008, Defendant BROWER filed the present and fatally flawed Motion to Dismiss allegedly for improper venue. Defendant BROWER failed to file and serve any Notice of Motion, fails to state upon what grounds she is bringing her motion, fails to cite any legal authority, and seems to attempt to submit alleged facts and/or evidence without authenticating the same.

As set forth in the Complaint, venue is proper pursuant to 28 U.S.C. 1391(b) and (c) because a substantial amount of events and omissions giving rise to the claims herein occurred in this judicial district.

## II.

## LEGAL ARGUMENT

**A. Defendant has not given proper Notice as required, her Motion is fatally defendant; accordingly her Motion must be denied.**

Northern District of California Civil Local Rule 7-2 requires the following of notices and supporting papers for motions:

> In one filed document not exceeding 25 pages in length, a motion must contain:
>
> **(1)** On the first page in the space opposite the caption and below the case number, the noticed hearing date and time;
>
> **(2)** In the first paragraph, notice of the motion including date and time of hearing;
>
> **(3)** In the second paragraph, a concise statement of what relief or Court action the movant seeks; and
>
> **(4)** In the succeeding paragraphs, the points and authorities in support of the motion -- in compliance with Civil L.R. 7-4(a).

Additionally, the motion must state "with particularity" the grounds on which it is made and the relief or order sought. Further, the notice should describe the various declarations or

*HANSSON, INC. v. BROWER et al.*
Plaintiff's Opposition to Motion to Dismiss Complaint . . . – Page 2

other evidence, if any, on which the motion will be based. FRCP 7(b)(1)(B); ND CA Rules 7-2 and 7-5.

Defendant has failed to comply with all of the above-stated requirements.

First, no "notice" is given at all. There is no notice of a time, place or hearing date, and Defendant fails to state anywhere in the document she filed on what grounds she is requesting relief. Significantly, she is required to this "with particularity" but fails to do it all. For these reasons, Plaintiff is unable to ascertain whether this is a 12(b)(1) motion to dismiss, a 12(b)(3) motion to dismiss, a 12(b)(6) motion to dismiss, or some other motion under some other statute. This makes it impossible for Plaintiff to appropriately respond.

Because it cannot be determined what type of motion this is, it is also impossible to determine whether one must look solely to the face of the Complaint to resolve the unnamed issues, or whether this is a motion requiring examination of evidence.

If this is a motion where evidence is to be considered, Defendant further fails to submit any declaration and attempts to attach an exhibit as evidence, without authenticating it by way of declaration or affidavit as required. Defendant ford, however, seem to attempt to have the Court evaluate alleged "facts" that are neither in the Complaint, nor in a declaration.

Her failure to follow requirements of submitting evidence violate the mandates of FRCP 6(c)(2) and ND CA Rule 7-2(d). None of the facts set forth in the document filed by Defendant are authenticated, and the "exhibit" attached thereto is not authenticated either. Therefore, the alleged "facts" and the alleged "exhibit" cannot be considered by the Court in ruling on the alleged motion.

For the above reasons alone regarding Defendant's fatally defective papers, Defendant's motion must be denied.

**B. Venue is proper in this judicial district.**

Moreover, as set forth in the Complaint, venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 USC § 1391(a)(2) & (b)(2).

*HANSSON, INC. v. BROWER et al.*
Plaintiff's Opposition to Motion to Dismiss Complaint . . . – Page 3

The Complaint clearly alleges that Plaintiff's business is located in this district, that Defendant sold the offending goods and distributed the offending promotional materials in this district, and that Plaintiff's business (located in this county) has been harmed as a result of Defendant's actions.  Accordingly, the Complaint sufficiently alleges that a substantial part of part of the events giving rising to the claim occurred in this district, and it is of no consequence that events also occurred in other districts.  Venue is still proper here.  *See* Redbull GmbH v. RLED, LLC (M.D.N.C. 2007) 515 F.Supp.2nd 641, 646.; National Council on Compensation Insurance, Inc., v. Caro & Graifman, P.C. (D.Conn. 2003) 259 F.Supp.2d 172, 177.

## I.
## **CONCLUSION**

For all the foregoing reasons, including Defendant's fatally defective motion and proper venue allegations, Defendant's motion must denied.

Dated:  May 23, 2008

                __/s/ James Cai_____
                James Cai
                SCHEIN & CAI LLP
                Attorney for Plaintiff
                HANSSON, INC.